IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEAN LORRAINE BERTRAN,**

    **Plaintiff,**

**v.**                              **CIVIL ACTION NO. 1:11CV110**
                                        **(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION/OPINION**

Pursuant to 28 U.S.C. §636(b)(1)(B), Fed.R.Civ. P. 72(b) and Local Court Rule 4.01(d), on July 20, 2012, the Court referred this Social Security action to United States Magistrate Judge John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition.

On March 19, 2012, Magistrate Judge Kaull filed his Report and Recommendation/Opinion ("R&R"), and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Fed.R.Civ. P. 6(e), to file any written objections with the Clerk of Court within fourteen (14) days after being served with a copy of the R&R. He further advised the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this Court. The parties did not file any objections.

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION/OPINION**

Upon consideration of Magistrate Judge Kaull's recommendation and having received no written objections,[1] the Court accepts the R&R in its entirety. Accordingly, it

1. **GRANTS** the Commissioner's motion for Summary Judgment (dkt. no. 18);

2. **DENIES** the plaintiff's motion for Summary Judgment (dkt. no. 16); and

3. **DISMISSES** this civil action **WITH PREJUDICE;** and

4. **ORDERS** it stricken from the docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

DATED: April 12, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Bertran's failure to object to the Report and Recommendation not only waives her appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).